IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Robert Earl Dillard #220045,<br><br>Petitioner,<br><br>v.<br><br>Scott Lewis, Warden,<br><br>Respondent. | C/A No. 2:18-3103-JFA<br><br>**ORDER** |

## I. INTRODUCTION

Robert Earl Dillard ("Petitioner"), a state prisoner proceeding *pro se*,[1] filed a petition for habeas corpus under 28 U.S.C. § 2254 ("Petition"). (ECF No. 1). Thereafter, Petitioner filed a motion to amend his Petition. (ECF No. 4). In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), this case was referred to a Magistrate Judge for Review. (ECF No. 5 at 1). The Magistrate Judge assigned to this action[2] prepared a thorough Report and Recommendation ("Report") and opines that the Petition should be dismissed without prejudice,

---

[1] "*Pro se* complaints and pleadings, however inartfully pleaded, must be liberally construed and held to less stringent standards than formal pleadings drafted by lawyers." *Ally v. Yadkin Cty. Sheriff Dept.*, 698 F. App'x 141, 142 (4th Cir. 2017) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).

[2] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.). The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1).

1

that Petitioner's motion to amend his Petition should be denied as moot, and that this Court should deny a certificate of appealability. (ECF No. 7 at 4). The Report sets forth, in detail, the relevant facts and standards of law on this matter, and this Court incorporates those facts and standards without a recitation. (ECF No. 7). The Magistrate Judge required Petitioner to file objections by February 27, 2019 (ECF No. 7 at 5) and Petitioner failed to do so.

Instead, Petitioner filed several Notices of Appeal regarding the Magistrate Judge's Report. (ECF Nos. 11 and 12). Thereafter, the United States Court of Appeals for the Fourth Circuit dismissed Petitioner's appeal for lack of jurisdiction because the district court had not yet "entered a final order or an appealable interlocutory or collateral order . . . ." (ECF No. 20 at 2). The mandate for that decision was filed July 10, 2019. (ECF No. 21). Accordingly, this matter is ripe for review.

## II. DISCUSSION

A district court is required to conduct only a de novo review of the specific portions of the Magistrate Judge's report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Va. Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). Thus, the Court must only review those portions of the Report to which Petitioner has made a specific written objection. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005). In the absence of specific objections to portions of the Magistrate Judge's Report, this Court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

Here, Petitioner did not timely file objections to the Report. The Magistrate Judge allowed Petitioner ample time to respond to the Report and Petitioner failed to do so. Without specific objections to the Report, this Court may adopt the Report without explanation.

## IV.  CONCLUSION

After carefully reviewing the applicable laws, the record in this case, as well as the Report, this Court finds the Magistrate Judge's recommendation fairly and accurately summarizes the facts and applies the correct principles of law. Accordingly, the Court adopts the Report (ECF No. 7). Consequently, Petitioner's Petition (ECF No. 1) is dismissed without prejudice, Petitioner's motion to amend his Petition (ECF No. 4) is denied as moot, and a certificate of appealability is denied because Petitioner has failed to make "a substantial showing of the denial of a constitutional right" as required by 28 U.S.C. § 2253(c)(2).[3]

IT IS SO ORDERED.

July 29, 2019
Columbia, South Carolina

Joseph F. Anderson, Jr.
United States District Judge

---

[3] A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *see also Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In the instant matter, the court finds that Petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).